SEAN TAMURA-SATO (Cal. SBN 254092)
seant@minamitamaki.com
LISA P. MAK (Cal. SBN 260281)
lmpk@minamitamaki.com
**MINAMI TAMAKI LLP**
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

*Attorneys for Plaintiff and the Putative Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY FUNG, individually and on behalf of all others similarly situated,<br><br>                                    Plaintiff,<br><br>vs.<br><br>APPLE INC., a California corporation,<br><br>                                    Defendants. | CASE NO.<br><br>**CLASS ACTION COMPLAINT FOR:**<br>1. **FRAUDULENT MISREPRESENTATION**<br>2. **FRAUDULENT CONCEALMENT**<br>3. **BREACH OF IMPLIED CONTRACT**<br>4. **TRESPASS TO CHATTELS**<br>5. **VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW (CAL. BUS. & PROF. CODE § 17200, ET SEQ.)**<br>6. **UNJUST ENCIRHMENT**<br><br>**DEMAND FOR JURY TRIAL** |

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

**CLASS ACTION COMPLAINT**

1. Plaintiff Ricky Fung ("Plaintiff"), on behalf of himself and all others similarly situated, alleges against Defendant Apple, Inc. ("Apple" or "Defendant") the following upon information and belief, except as to those allegations concerning Plaintiff individually, which are alleged upon personal knowledge:

## SUMMARY OF ACTION

2. Plaintiff brings this class action against Apple for its fraudulent and deceptive interference into the operation and performance of its iPhone devices, which were updated with any of the operating system software described below (the "Devices"), and Apple's failure to disclose that it has purposely slowed down the processing and operations of the Devices through such updates.

3. The Devices are comprised of the series 6 and 7 iPhones, including, but not limited to, the following models: iPhone 6, iPhone 6s, iPhone 6s Plus, iPhone 7, and iPhone 7 Plus.

4. The Apple iPhone operating systems software updates affecting the Devices include the following iOS 10 and 11 updates ("iOS updates"): iOS 10.2.1, iOS 10.3, iOS 10.3.1, iOS 10.3.2, iOS 10.3.3 (collectively referred to as the "iOS 10 updates"); iOS 11.0.1, iOS 11.0.2, iOS 11.0.3, iOS 11.1, iOS 11.1.1, iOS 11.1.2, iOS 11.2, and iOS 11.2.1 (collectively referred to as the "iOS 11 updates").

5. Instead of enhancing the performance of the Devices through iOS updates which are compatible and support the devices' operating systems, as Apple had represented, Apple distributed iOS updates which interfered with the Devices' performance.

6. On or about December 20, 2017, Apple confirmed in a statement that the company's iOS updates have, in fact, slowed the performance of Devices, interfered with their normal usage, and limited their performance under certain conditions to prevent the Devices from reaching their full processing power. Apple has stated that it slowed the performance of Devices in an effort to protect the Devices from the effects of battery degradation.

7. By failing to disclose previously that it was intentionally slowing down performance of Devices to, Apple disregarded the rights of Plaintiff and members of the proposed classes in order to push consumers to upgrade their phones faster. In doing so, Apple also intentionally

**MINAMI TAMAKI, LLP**
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

- 2 -
**CLASS ACTION COMPLAINT**

failed to inform Device owners of alternatives, such as replacing Device batteries.

8.   As a result of Apple's wrongful actions, Plaintiff and members of the proposed classes have been injured by either continuing to use slowed Devices, or purchasing a new model iPhone or other phone.

## JURISDICTION AND VENUE

9.   This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. 1332(d), because (1) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs, (2) there are more than 100 putative class members, and (3) at least some members of the proposed Class have a different state citizenship from Apple.

10.  This Court has personal jurisdiction over Apple because Apple advertises and does substantial business in the state of California and purposefully avails itself of the privileges of conducting business within this state and in this District.

11.  Venue is proper in this Court pursuant to 28 U.S.C. § 139l(b) because Apple advertises and does substantial business within this District, and engaged in deceptive practices in this District, and a substantial part of the events, acts, and omissions giving rise to Plaintiff's claims occurred in this District.

## THE PARTIES

12.  Plaintiff Ricky Fung resides in San Francisco, CA and is the owner of an iPhone 6s.

13.  Defendant Apple is a California corporation with its principal offices at 1 Infinite Loop, Cupertino, CA 95014.

## FACTUAL ALLEGATIONS

14.  Plaintiff purchased an iPhone 6s to own and operate in or around January 2016.

15.  Apple periodically releases iOS updates for the Devices to the public. The iOS updates are downloaded and installed as a single bundle. Users cannot download portions of the update while not downloading other portions.

16.  Upon information and belief, Apple's updates, including the iOS 10 and iOS 11

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

**CLASS ACTION COMPLAINT**

updates, caused performance problems to many aspects of Devices' functionality, including core functions such as phone calls, text messaging, and use of applications.

17. Plaintiff downloaded iOS updates, including iOS 10 and/or 11 updates on his iPhone 6s.

18. Following iOS updates to the Devices, including iOS 10 and/or 11 updates, Plaintiff and putative class members began to experience significant slowdowns with their Devices, delayed responses to touch interactions and application ("Apps") launches, and other performance problems that negatively affected the performance of the Devices.

19. Apple purposefully concealed that their iOS updates were intended to limit the maximum performance of some system components, and would or could interfere with performance and ordinary functions.

20. Moreover, Apple repeatedly misrepresented the iOS updates, touting the new software's improvements, bug fixes, and security, while failing to disclose the negative aspects of the updates.

21. Apple also purposefully concealed that the aging of Device batteries contributed to slowing of the Devices, and that a battery replacement could serve as a remedy to the problem of degraded performance without the slowing that the iOS updates caused.

22. Had Plaintiff and putative class members been informed by Apple that a battery replacement would have improved the performance of their Devices, Plaintiff and putative class members could have chosen to replace their batteries.

23. On January 4, 2018, Apple published a explanation of the effects of the updates introduced in iOS 10.2.1:

> This power management works by looking at a combination of the device temperature, battery state of charge, and battery impedance. Only if these variables require it, iOS will dynamically manage the maximum performance of some system components, such as the CPU and GPU, in order to prevent unexpected shutdowns. As a result, the device workloads will self-balance, allowing a smoother distribution of system tasks, rather than larger, quick spikes of performance all at once. In some cases, a user may not notice any differences in daily device performance. The level of perceived change depends on how much power management is required for a particular device.

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

- 4 -
CLASS ACTION COMPLAINT

> Users may notice longer app launch times, lower frame rates while scrolling, blacklight dimming (which can be overridden in Control Center), lower speaker volume by up to -3Db, gradual frame rate reductions in some apps, camera flash disabled and apps refreshing in background may require reloading upon launch.

24. Apple's representations regarding "shut-down prevention" are misleading and fraudulent, as the actual purpose of the slowdowns was to induce consumers with older iPhones to upgrade to new models. Apple has engaged in the misleading and fraudulent practices described herein to increase iPhone sales and profits.

25. Plaintiff and other putative class members effectively had no choice but to update their devices' software with the iOS updates, including the iOS 10 and iOS 11 software, as Apple's constant reminders to update were otherwise unceasingly disruptive. Further, applications on the Devices ultimately could not be updated unless the Device was running the latest iOS software.

26. As a result of the foregoing, Apple's iOS updates, including the iOS 10 and iOS 11 software, forced Plaintiff and putative class members to either use a slowed Device, or purchase a new phone.

27. Apple's wrongful and deceptive material actions, representations, and omissions directly and proximately caused the interference and loss of value to Devices causing Plaintiff and putative class members to suffer economic harm as well as other harm for which they are entitled to compensation, including replacement of phones; loss of use; loss of value; purchase of new batteries; ascertainable losses in the form of deprivation of the value of their Devices; and overpayment for their Devices in that Plaintiff putative class members did not get what they paid for.

## CLASS ALLEGATIONS

28. Plaintiff seeks relief on behalf of himself and as representative of all others who are similarly situated. Pursuant to Fed. R. Civ. P. 23(a), (b)(2), (b)(3) and (c)(4), Plaintiff seeks certification of a Nationwide class defined as follows:

> All persons residing in the United States who own or have owned an iPhone Device who downloaded a version of iOS and who experienced reduced functionality on their Device (the "Nationwide Class ').

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

29. Pursuant to Fed. R. Civ. P. 23, and in the alternative to claims asserted on behalf of the Nationwide Class, Plaintiff asserts claims under the laws of California, and on behalf of separate California Sub-Class, defined as follows:

> All persons residing in California who own or have owned an iPhone Device who downloaded a version of iOS and who experienced reduced functionality on their Device (the "California Sub-Class").

30. Excluded from each of the above Classes are any of Apple's officers, directors and board members; all persons who make a timely election to be excluded from the Class; and the judge(s) to whom this case is assigned and their immediate family.

31. Plaintiff hereby reserves the right to amend or modify the class definitions with greater specificity or division after having had an opportunity to conduct discovery.

32. Each of the proposed Classes meets the criteria for certification under Federal Rule of Civil Procedure 23(a), (b)(2), (b)(3), and (c)(4).

33. <u>Numerosity</u>: Consistent with Rule 23(a)(l), putative class members are so numerous and geographically dispersed that the joinder of all members is impractical. While the exact number of members are unknown to Plaintiff at this time, Plaintiff believes that there are millions of putative members. Class members may be identified through objective means. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, internet postings, and/or published notice.

34. <u>Commonality</u>: Consistent with Fed. R. Civ. P. 23(a)(2) and with 23(b)(3)'s predominance requirement, this action involves common questions of law and fact that predominate over any questions affecting individuals. The common questions include:

    a. Whether Apple failed to disclose that its iOS updates caused slowdowns in older iPhone models' performance;

    b. Whether Apple interfered with the use and/or lowered the value of Devices;

    c. Whether Apple's iOS modifications were implemented in order to profit from Plaintiff and putative class members by inducing them to purchase new iPhones as replacements for

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

- 6 -
**CLASS ACTION COMPLAINT**

their Devices;

    d.    Whether Apple is subject to liability for fraudulently concealing material facts from Plaintiff and putative class members;

    e.    Whether Apple was unjustly enriched as a result of its fraudulent conduct, such that it would be inequitable for Apple to retain benefits conferred upon it by Plaintiff and putative class members;

    f.    Whether Plaintiff and putative class members were injured and suffered damages or other acceptable losses because of Apple's fraudulent behavior; and,

    g.    Whether Plaintiff and other members of the proposed classes are entitled to relief.

35.    <u>Typicality:</u>  Consistent with Fed. R. Civ. P. 23(a)(3), Plaintiff's claims are typical of those of the other class members. Plaintiff's damages and injuries are akin to the other class members and Plaintiff seeks relief consistent with the relief of putative class members.

36.    <u>Adequacy:</u>  Consistent with Fed. R. Civ. P. 23(a)(4), Plaintiff is an adequate representative because Plaintiff is a member of the Classes and is committed to pursuing this matter against Apple to obtain relief for the Classes. Plaintiff has no conflict of interest with the Classes. Plaintiff's counsel are competent and experienced in litigating class actions such as this. Plaintiff intends to vigorously prosecute this case and will fairly and adequately protect the interests of putative class members.

37.    <u>Superiority:</u>  Consistent with Fed. R. Civ. P23(b)(3), a class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The quintessential purpose of the class action mechanism is to permit litigation against wrongdoers even when damages to individual plaintiffs may not be sufficient to justify individual litigation. Here, the damages suffered by Plaintiff and putative class members are relatively small compared to the burden and expense required to individually litigate their claims against Apple, and thus individual litigation to redress Apple's wrongful conduct would be impracticable. Individual litigation by each class member would also strain the court system. Individual litigation creates the potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

- 7 -
**CLASS ACTION COMPLAINT**

court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court.

38. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(2) and (c). Apple, through its uniform conduct, has acted or refused to act on grounds generally applicable to the classes as a whole, making injunctive and declaratory relief appropriate to the classes as a whole.

39. Likewise, particular issues under Rule 23(c)(4) are appropriate for certification because such claims present only particular, common issues, the resolution of which would advance the disposition of this matter and the parties' interests therein.

40. Finally, all members of the proposed classes are readily ascertainable by records maintained by Apple. Using this information, the members of the Class can be identified and their contact information ascertained for purposes of providing notice to the Class.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## FRAUDULENT MISREPRESENTATION

41. Plaintiff incorporates and re-alleges the allegations contained in the preceding and subsequent paragraphs as if fully set forth herein.

42. Prior to and at the time that Plaintiff and putative class members decided to update their Devices with iOS updates, Apple knew that iOS updates would slow down the performance of Devices and could interfere with Devices' performance, and that a battery replacement would improve the performance of Devices.

43. Prior to and at the time that putative class members decided to purchase their phones, Apple knew that its iOS updates would slow down the performance of Devices and could interfere with Devices' performance, and that a battery replacement would improve the performance of their older model Devices.

44. Apple intentionally misrepresented the iOS updates, touting the new software's improvements to performance while failing to disclose the negative aspects of the updates, including slowing of the Devices.

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

45. These representations were material to Plaintiff and proposed class members.

46. Apple intentionally made these misrepresentations and material omissions in order to defraud and/or mislead Plaintiff and proposed class members into updating their Devices with iOS updates and subsequently purchasing newer model replacement iPhones.

47. Plaintiff and proposed class members relied upon Apple's misrepresentations and material omissions in updating their phones with iOS updates and subsequently purchasing newer model replacement phones.

48. Had Apple disclosed that the iOS updates could and would slow Devices' processing, and/or that performance could have been improved with a replacement battery, Plaintiff and putative class members would have, to the extent possible, declined the iOS updates and/or would not have purchased replacement iPhones.

49. As a result of Apple's misrepresentations and material omissions, Plaintiff and proposed class members lost material value, function, and use in their Devices and/or were required to expend material sums of money to replace their Devices with fully functioning and performing phones.

50. As a direct and proximate cause of the Apple's material omissions, Plaintiff and putative class members suffered ascertainable losses consisting of lost material value, function, and use in their Devices and/or the purchase price of new replacement phones.

## SECOND CAUSE OF ACTION

## FRAUDULENT CONCEALMENT

51. Plaintiff incorporates and re-alleges the allegations contained in the preceding and subsequent paragraphs as if fully set forth herein.

52. At all relevant times herein, Apple had a duty to disclose material information to putative class members regarding their Devices, including information regarding degraded batteries, iOS updates, and their effects on processing, operations, performance, functionality, and/or ordinary use.

53. Apple intentionally concealed and/or failed to disclose the aforementioned material facts to Plaintiff and putative class members.

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

- 9 -
**CLASS ACTION COMPLAINT**

54. Plaintiff and putative class members did in fact rely on Apple to disclose this information, which the Plaintiff and members of the proposed classes were unaware of at all relevant times, including at the time they accepted iOS updates and/or when they purchased replacement phone devices.

55. Plaintiff and putative class members relied upon Apple's misrepresentations and material omissions in updating their phones with iOS updates and/or purchasing newer model phones.

56. Had Apple not concealed the fact that the iOS updates could and would slowdown Devices, and/or that the slowdowns could have been fixed with a replacement battery, Plaintiff and putative class members would have, to the extent possible, declined the iOS updates and not have purchased replacement phones.

57. As a result of Apple's material concealment, Plaintiff and putative class members lost material value, function, and use in their Devices and/or were required to expend material sums of money or value to replace their Devices with fully functioning and performing phones.

58. As a direct and proximate cause of the Apple's material omissions, Plaintiff and putative class members suffered ascertainable losses consisting of lost material value, function, and use in their Devices and/or the purchase price of replacement phones.

### THIRD CAUSE OF ACTION

### BREACH OF IMPLIED CONTRACT

59. Plaintiff incorporates and re-alleges the allegations contained in the preceding and subsequent paragraphs as if fully set forth herein.

60. Plaintiff and putative class members entered into implied contracts with Apple when they purchased and/or acquired their Devices, in which Apple agreed to not purposefully interfere with speed, operation, and/or usage of their Devices.

61. Plaintiff and putative class members fully performed their obligations under the implied contracts with Apple.

62. Apple breached the implied contracts it made with the Plaintiff and putative class members by providing iOS updates which purposefully slowed the operation and performance of

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

- 10 -
**CLASS ACTION COMPLAINT**

Devices, and by failing to properly disclose the truth regarding these iOS updates at the time the parties entered into the implied agreements.

63. The damages to Plaintiff and putative class members as described herein were the direct and proximate result of Apple's breach of these implied contracts.

## FOURTH CAUSE OF ACTION

## TRESPASS TO CHATTELS

64. Plaintiff incorporates and re-alleges the allegations contained in the preceding and subsequent paragraphs as if fully set forth herein.

65. Common law prohibits the intentional intermeddling with personal property in possession of another without consent, which results in either i) the deprivation of the use of personal property, or ii) the impairment of the condition, quality, or usefulness of the property.

66. At Apple's urging, Plaintiff and putative class members installed iOS updates on their Devices, without knowing that Apple had secretly included performance-throttling in these iOS updates. Because they were unaware of these aspects of the iOS updates, they did not consent to installation of them on their devices.

67. Apple intentionally interfered with, and committed trespass to, Plaintiff and putative class members' property by installing performance-throttling software on their Devices without their knowledge.

68. Apple acted intentionally because it knew that Plaintiff and putative class members were downloading software to their Devices that reduced the performance of the Devices. Plaintiff and putative class members only consented to the installation of software that would improve performance, not diminish performance.

69. Apple intentionally impaired the condition, quality, and usefulness of Devices without the knowledge or consent of Plaintiff and putative class members.

70. Apple's interference was the actual, direct, and proximate cause of injury to Plaintiff and putative class members because it slowed their Devices. This harm to the functioning of the Devices significantly impaired the devices' condition, quality, and value.

71. Plaintiff and putative class members have lost use, value, and/or had to purchase new

- 11 -
CLASS ACTION COMPLAINT

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

devices due to Apple's conduct.

72. Apple's trespass and interference was malicious and oppressive. Apple hid performance-degrading software in iOS updates. Apple did not obtain the permission of Plaintiff and putative class members to trespass on or interfere with their Devices. Apple knew and intended that its conduct would cause injury to Plaintiff and putative class members, including by way of diminishing the performance of their Devices. Apple thus acted despicably and with conscious disregard of the rights of Plaintiff and putative class members.

73. As a result of Apple's trespass to, and interference with, their devices, Plaintiff and members of the proposed class are entitled to recover the actual damages they suffered in amounts to be determined at trial.

74. Plaintiff and putative class members are also entitled to punitive damages in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW

## (CAL. BUS. & PROF. CODE § 17200, ET SEQ.)

75. Plaintiff incorporates and re-alleges the allegations contained in the preceding and subsequent paragraphs as if fully set forth herein.

76. California's Unfair Competition Law proscribes acts of unfair competition, including "any unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus & Prof. Code § 17200, *et seq*.

77. Apple's conduct, policies, and actions were undertaken or performed in, and therefore emanated from, California.

78. Apple's conduct, as alleged herein, was unlawful, unfair, and fraudulent.

79. Apple behaved as alleged in order to gain unfair commercial advantage over its competitors, even if it meant disregarding the rights and expectations of customers.

80. Apple's conduct, as alleged herein, which emanated from its headquarters in California, caused harm to Plaintiff and putative class members. Had Plaintiff and putative class members known that Apple would engage in this unfair, unlawful, and fraudulent behavior, they

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

- 12 -
CLASS ACTION COMPLAINT

would not have purchased their Devices, and/or they would not have purchased these Devices at the prices they paid.

81. Accordingly, Plaintiff and putative class members have suffered injury in fact, including lost money or property, as a result of Apple's unfair, unlawful, and fraudulent behavior.

82. Plaintiff and putative class members ask that this Court restore to Plaintiff and putative class members all money that Apple acquired or retained by way of unfair, unlawful, and fraudulent competition and activities, including restitution and/or disgorgement, as provided in California Bus. & Prof. Code §§ 17203 and 3345, and for other such relief as is appropriate

83. Plaintiff and putative class members seek to enjoin further unfair, unlawful, and fraudulent acts or practices by Apple.

## SIXTH CAUSE OF ACTION

## UNJUST ENCIRHMENT

84. Plaintiff incorporates and re-alleges the allegations contained in the preceding and subsequent paragraphs as if fully set forth herein.

85. In the event that no adequate legal remedy is available, Plaintiff brings this court in order to pursue restitution based on Apple's unjust enrichment.

86. Apple has unjustly received and retained monetary benefits from Plaintiff and putative class members and inequity has resulted.

87. Apple sold consumers Devices marketed as having a premium level of performance. The prices of these Devices reflected their promised premium performance. Once Apple consciously throttled their performance as alleged herein, the value of these Devices dropped. Yet, Apple has retained all of the funds that consumers paid. Further Apple has induced sales of new phones due to its throttling that Plaintiff and putative class members misinterpreted as obsolescence.

88. Plaintiff and putative class members have conferred a benefit on Apple.

89. Apple has knowingly accepted, and has retained, the benefits of its unjust conduct, with full knowledge and awareness that retention of such profits and benefits is unlawful.

90. It is inequitable under the circumstances for Apple to retain these benefits.

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA  94108
Tel. (415) 788-9000
Fax (415) 398-3887

- 13 -
**CLASS ACTION COMPLAINT**

91. Plaintiff and putative class members were not aware of the true facts and did not benefit from Apple's conduct.

92. Apple has been unjustly enriched at the expense of Plaintiff and putative class members, who are entitled to, and hereby seek, the disgorgement and restitution of Apple's wrongful profits, revenue, and benefits, to the extent and in the amount deemed appropriate by the Court.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all putative class members, respectfully requests that the Court enter judgment in their favor and against Apple as follows:

a. For an Order certifying the Classes, as defined herein, and appointing Plaintiff and Plaintiff's counsel to represent class members;

b. For an award of damages, as allowed by law in an amount to be determined;

c. For an Order enjoining Apple's unfair, unlawful, and fraudulent acts or practices;

d. For an award of attorneys' fees costs and litigation expenses, as allowable by law;

e. For prejudgment interest on all amounts awarded; and

f. Such other and further relief as this court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demand a trial by jury on all applicable claims.

Dated: March 13, 2018                                    Respectfully submitted,

                                                         MINAMI TAMAKI LLP

                                                         By: _____
                                                         SEAN TAMURA-SATO
                                                         *Attorneys for Plaintiff*

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

- 14 -
CLASS ACTION COMPLAINT